IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **JUSTIN GRIMMITT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: 5:21-cv-91-BJB |
| v. | ) |
| | ) JURY DEMAND |
| **LOUIS DeJOY, POSTMASTER GENERAL,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Justin Grimmitt, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States, and is brought pursuant to the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

### THE PARTIES

2. Mr. Grimmitt is a resident of McCracken County, Kentucky. Mr. Grimmitt was, at all relevant times, an employee of Defendant United States Postal Service.

3. Defendant United States Postal Service is an agency of the United States government with its principal office at 475 L'Enfant Plaza, SW, Room 4012 Washington, DC 20260-2200. Pursuant to Fed. R. Civ. P. 4(i)(1), its registered agent for service of process is Postmaster General Louis DeJoy, who may be served at 475 L'Enfant Plaza, SW, Room 4012 Washington, DC 20260-2200; as well as the Attorney General of the United States, who may be served at the U.S. Department of Justice, 950 Pennsylvania Avenue, NW,

Washington, DC  20530-0001; and the United States Attorney's Office, Western District of Kentucky, 717 West Broadway, Louisville, KY  40202.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Grimmitt's claims pursuant to the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Grimmitt in McCracken County, Kentucky, which is located within this judicial district.

6. Mr. Grimmitt filed a timely complaint of discrimination with Defendant's Equal Employment Opportunity office regarding his claims, a copy of which is attached hereto as Exhibit A.  Mr. Grimmitt received a Final Agency Decision with respect to his charges set forth below less than ninety days prior to the filing of this Complaint, a copy of the service page for which is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Defendant operates the system of postal offices and mail authorized by the postal clause of the United States Constitution.

8. Mr. Grimmitt has been employed by Defendant for approximately eleven years, primarily as a City Carrier in Paducah, Kentucky.

9. Mr. Grimmitt performed his job competently at all times.

10. Mr. Grimmitt's primary work location is the Paducah Carrier Annex where he prepares his mail for delivery.

11. Mr. Grimmitt has been, at all relevant times, subject to the supervision of Postmaster Todd Hawks.

12. When the COVID-19 Coronavirus pandemic began spreading across America, in or about early May 2020, Defendant ordered employees to wear facemasks.

13. Mr. Grimmitt tried to wear a facemask, but having the covering triggered his anxiety and caused severe panic attacks that prevented him from working.

14. Mr. Grimmitt notified Postmaster Hawks, who told him to get a doctor's note regarding his medical issues

15. Mr. Grimmitt did as directed and, on May 8, 2020, he provided a note from his doctor stating that wearing the mask could cause him medical harm.

16. Postmaster Hawks let Mr. Grimmitt work for three days without a mask, then he ordered that Mr. Grimmitt would be charged as Absent Without Leave for any day he did not wear a facemask, moved Mr. Grimmitt to working on the dock outside in the heat, and prohibited Mr. Grimmitt from going inside to access the restroom or water fountain.

17. Mr. Grimmitt pointed out to Postmaster Hawks that CDC guidelines said persons who could suffer medical harm by wearing a facemask should not wear them, but Postmaster Hawks refused to accommodate Mr. Grimmitt.

18. On or about June 20, 2020, local management received instructions that employees did not have to wear facemasks if they could maintain social distancing while performing their jobs.

19. Mr. Grimmitt did not work in close proximity to other employees and could have kept several feet of distance between himself and other employees while working in the Carrier

Annex, but Postmaster Hawks still refused to let Mr. Grimmitt return to working inside the building unless he wore a facemask.

20. Thereafter, on or about July 8, 2020, Postmaster Hawks went to the dock to discuss the issue with Mr. Grimmitt, who asked to go to a private location rather than discuss his medical condition in a public setting, but Postmaster Hawks refused and went on to talk publicly about Mr. Grimmitt's medical issues.

21. Mr. Grimmitt asked why he was the only person restricted to working on the dock when, by that point, several employees were working inside the building without wearing facemasks, to which Postmaster Hawks said that Mr. Grimmitt was the only employee who had presented a doctor's note.

22. Mr. Grimmitt said that he got a doctor's note because he had been ordered to do so in order to continue working in any form and nothing in his doctor's note said he had to work alone, away from all other employees, and without access to a bathroom or water, but Postmaster Hawks said Mr. Grimmitt had to continue in that position.

23. Defendant's treatment of Mr. Grimmitt was because of his medical condition and because of his request for an accommodation to enable him to perform his job.

24. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

25. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Grimmitt has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### DISABILITY DISCRIMINATION IN VIOLATION
### OF THE REHABILITATION ACT

26. Mr. Grimmitt realleges and incorporates herein the allegations contained in Paragraphs 1 – 25.

27. Defendant's actions constitute a violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

28. Defendant subjected Mr. Grimmitt to disparate treatment because of his disability.

29. Defendant's discriminatory actions against Mr. Grimmitt were willful and knowingly committed.

30. As a direct and proximate result of Defendant's adverse treatment of Mr. Grimmitt in violation of the Rehabilitation Act, Mr. Grimmitt was injured and suffered damages.

31. Mr. Grimmitt has sustained a loss of back pay, benefits, incidental expenses, and front pay.

32. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with deliberate indifference to Mr. Grimmitt's federally protected rights, making Defendant liable for compensatory damages pursuant to 29 U.SC. § 794a(a)(2).

## COUNT II

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION
### IN VIOLATION OF THE REHABILITATION ACT

33. Mr. Grimmitt realleges and incorporates herein the allegations contained in Paragraphs 1 – 32.

34. Defendant's actions constitute a violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

35. Defendant refused to provide Mr. Grimmitt with a reasonable accommodation of working without a facemask while maintaining adequate space from other employees.

36. Defendant's discriminatory actions against Mr. Grimmitt were willful and knowingly committed.

37. As a direct and proximate result of Defendant's adverse treatment of Mr. Grimmitt in violation of the Rehabilitation Act, Mr. Grimmitt was injured and suffered damages.

38. Mr. Grimmitt has sustained a loss of back pay, benefits, incidental expenses, and front pay.

39. Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with deliberate indifference to Mr. Grimmitt's federally protected rights, making Defendant liable for compensatory damages pursuant to 29 U.SC. § 794a(a)(2).

## COUNT III

### RETALIATION IN VIOLATION OF REHABILITATION ACT

40. Mr. Grimmitt realleges and incorporates herein the allegations contained in Paragraphs 1 – 39.

41. Mr. Grimmitt requested a reasonable accommodation of not wearing a mask while maintaining distance and he asked to keep discussion of his medical condition to a private location, which led Defendant to continue its disparate job assignments to Mr. Grimmitt.

42. Defendant's discriminatory actions against Mr. Grimmitt were willful and knowingly committed.

43. As a direct and proximate result of Defendant's adverse treatment of Mr. Grimmitt in violation of the Rehabilitation Act, Mr. Grimmitt was injured and suffered damages.

44. Mr. Grimmitt has sustained a loss of back pay, benefits, incidental expenses, and front pay.

45. Defendant engaged in the discriminatory practices alleged in the third cause of action with malice and/or with deliberate indifference to Mr. Grimmitt's federally protected rights, making Defendant liable for compensatory damages pursuant to 29 U.SC. § 794a(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Mr. Grimmitt respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Mr. Grimmitt be awarded judgment for damages of the lost compensation he suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4. That Mr. Grimmitt be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

5. That costs and attorneys' fees be assessed against Defendant pursuant to 29 U.SC. § 794a(b);

6. That costs and discretionary costs be taxed against Defendant;

7. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

8. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

9. For such other and further relief as the Court may find appropriate.

Respectfully Submitted,

_s/ D. Wes Sullenger_
D. Wes Sullenger, KY BAR # 91861
        TN BPR # 021714
         IL ARDC # 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY 42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Justin Grimmitt*